UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MILTON LEON PRICE, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 08-1815 (RMU) |
| PATRICIA R. STRANSBERRY, | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

This matter comes before the Court on this *pro se* petition for a writ of habeas corpus, which was transferred to this court from the United States District Court for the Eastern District of Virginia.

Petitioner alleges deficiencies, including ineffective assistance of counsel, in the course of criminal proceedings against him in the Superior Court of the District of Columbia, resulting in his conviction and prison sentence. He asks this Court to vacate his sentence and to release him from custody immediately. Any challenge to a conviction in and the sentence imposed by the Superior Court must be brought by motion in the Superior Court under D.C. Code § 23-110.

In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it

is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Insofar as petitioner asks this Court to review the final judgments of District of Columbia courts, this Court lacks such jurisdiction. *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), *cert. denied*, 513 U.S. 1150 (1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/
RICARDO M. URBINA
United States District Judge

Date: December 10, 2008